# GRAFTON,

## JULY TERM, A. D. 1854.

28 555
70 333

## STREETER *v.* SAWYER.

*Semble* that it is the duty of a witness to state all that he knows to be important about a matter in controversy, although no question tending to elicit all his knowledge may have been asked him.

A witness was asked, " Did Streeter ever make any objection to their crossing the grass land, to you or in your hearing, before the time above mentioned; and did he not see them crossing nearly all the time before that?" He answered, " He has made that objection to me and to others as much as twenty times, when he has seen them cross." *Held,* that an objection that the answer was not responsive to the question was not maintainable.

TRESPASS, for breaking and entering the plaintiff's close, passing over the same with horses and carts, and injuring the grass, &c.

The defendant pleaded the general issue with a brief statement that the acts complained of were done with the license and permission of the plaintiff.

The plaintiff introduced evidence to prove the alleged trespasses by the defendant, and the defendant then introduced evidence tending to show a license by the plaintiff to the defendant to do said acts. In support of the direct evidence tending to show such license, the defendant introduced evidence tending to show that the acts complained of, which were continued through several weeks, were done with the knowledge of the plaintiff, and without objection from him. The plaintiff introduced the deposition of John Stevens, taken by the plaintiff, in which are the following

interrogatories, .proposed by the plaintiff, and the answer thereto.

*Int.* " State whether or not you ever heard Streeter, the plaintiff, forbid Sawyer, the defendant, to go across his grass land, and what were the words he used ?"

*Ans.* " I was with the plaintiff once (at the place) when Sawyer and his hands were crossing, and the plaintiff seemed to be provoked very much, and began to scold at them for going across that piece of ground, and said he would not have them go across. This he said to the hands. Mr. Sawyer stood a little distance off."

In the cross examination of this deponent the answers made by him left it doubtful whether this was heard by the defendant. And the defendant then proposed the following interrogatory, which was answered by the deponent, as follows :

*Int.* " Did Streeter ever make any objection to their crossing the grass land, to you, or in your hearing, before the time above mentioned, and did he not see them crossing nearly all the time before that ?"

*Ans.* " He has made that objection to me and to others, as much as twenty times, when he has seen them cross. I should think he had made objections to their crossing, before the time referred to, but I am not certain."

To the first clause in this answer the defendant objected, both before the magistrate at the caption of the deposition, and at the trial, as not responsive to the question, and objected to reading that part of said answer to the jury, but the court overruled the objection, and admitted the evidence.

The jury returned a verdict for the plaintiff, and the defendant moved that it be set aside and a new trial granted.

*S. H. Goodall,* for the defendant.

I. Is the question and answer material or immaterial ?

The defence was a license by the plaintiff to do acts complained of. If the witness had said that he heard no objec-

tions until after the time of the conversation between the plaintiff and the defendant, then it would have been evidence of a license unrevoked to that time, for the witness had previously testified to a full knowledge of all the transactions at all the times. Then the fact that Streeter did or did not object, is material as regards the question of license.

II. The amount to be recovered in damages depends upon the time of the revocation. No damages can be recovered by the revocation.

III. The number of times the objection was made does not in any way tend to answer the defendant's question. The question is one as to time, particularly as to the question of damages whether before such a time objections were made. Does the fact that objections were made twenty times, tend to show in any way that the objections were any of them taken before a particular identified time ? If not, the answer is not responsive to the question, and the plaintiff cannot force the answer of his own witness upon the defendant in this way.

IV. Does the answer in any way tend to prejudice or injure the defendant's rights ? If so, the verdict must be set aside, as the answer is not responsive to the question. We say the answer is prejudiced and injurious to the defendant in various ways :

1st—It would tend to prejudice the jury against the defendant, as being something of which the plaintiff was constantly objecting and complaining, yet the defendant continued the trespass, and thereby the jury would be inclined to give larger damages.

2d—It would tend to lead the jury, from the large number of times objections had been made, to infer that there being so many times, some of them must have been made before the time of the revocation, and thereby the jury be induced to give damages for a longer time than back to the time of the revocation.

3d—The jury might, perhaps, take it as though the wit-

ness had given his opinion in these words: " Streeter has made that objection to me and others as much as twenty times, when he has seen them cross. (He has made it so many times that) I should think that he had made objections to their crossing before the time referred to, but I am not certain." This would not be a statement of a fact, but an inference, and that inference might all be founded on false grounds. The last part of the answer is a full one to the question, and the first part is not in answer, and tended to injure and prejudice the defendant as to the question of damages, and should have been excluded.

4th—The jury might be led to think, from the number of times, and also from the form of the expression " *when* he has seen them cross," that there had never been any license. " *When* " might be construed, *whenever.*

*H. & G. A. Bingham,* for the plaintiff.

The exception taken in this case is more nice than wise, and demonstrates the old saying that there is hope as long as there is life.

The question being put by the defendant, his only exception is that the answer is not responsive or in answer to the question.

We claim that it is both logically and legally responsive, first stating the general facts, then its limitations, in the order suggested by the question.

The first *quære* in the question being have *you ever heard* the plaintiff object to the defendant's crossing, &c, the answer is that he has, &c. The second is, did you hear him before a specified time. The answer is that he thinks he has, but is not certain. This is the substance of the question and answer.

If there is any fault, it is in the question ; it being double, and containing a contradiction.

The part of the answer objected to is immaterial, hence, if incompetent, no cause for a new trial. 6 N. H. Rep. 80,

342, and cases there cited; *Clement* v. *Brooks*, 13 N. H. Rep. 97 ; *Swamscot Machine Co.* v. *Walker*, 2 Foster's Rep. 466 ; *Wiggin* v. *Damrell*, 4 N. H. Rep. 69.

The objection is one coming within the discretion of the judge or court trying the case, and being such, this court will not revise the formal decision. *Pierce* v. *Thompson*, 6 Pick. 193 ; *Sawyer* v. *Merrill*, 6 Pick. 478.

GILCHRIST, C. J.  Whatever a witness states as a fact within his own knowledge, which has a bearing upon the rights of the parties involved in the issue, whether it be or be not stated as an answer to a question, is proper for the consideration of the jury. It is the duty of a witness to state all he knows about the matter in controversy between the parties.  When he possesses information which he knows to be important, it is his duty to communicate it, although, either from accident or from ignorance of his knowledge on the part of the counsel, no question may have been asked him.  It would seem, therefore, not to be a sufficient cause for setting aside a verdict, that the testimony of the witness is not in answer to a question, for if what he says be competent, and tend to throw light upon the case, it should be laid before the jury.  For the question is not so much how the evidence came there, as whether, being there, it is proper for consideration.

But it is not necessary to put the decision of this case upon these grounds, for the answer of the witness is clearly responsive to the question asked him.  The question is, " Did Streeter ever make any objection to their crossing the grass land, to you or in your hearing, before the time above mentioned, and did he not see them crossing nearly all the time before that ?

The objection is taken to the first clause in the answer, which is as follows :

" He has made that objection to me and to others, as much as twenty times, when he has seen them cross."

Now the objection has no foundation in fact. The witness is asked whether Streeter ever made any objection to their crossing the grass land, and he answered that he had made that objection to him and to others. A simple statement of the question and answer is enough, and no argument could make it clearer. It is sufficient to say that the answer is responsive to the question, and that there must be

*Judgment on the verdict.*